UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**INGRID JIMENEZ**,
    Plaintiff,

v.

**AMERICAN ENGINEERING AND DEVELOPMENT CORPORATION**,
    Defendant.
_____

**COMPLAINT**
(JURY TRIAL DEMANDED)

Plaintiff, INGRID JIMENEZ, sues the Defendant, AMERICAN ENGINEERING AND DEVELOPMENT CORPORATION, and as grounds alleges:

PARTIES

1. Plaintiff, INGRID JIMENEZ, is a citizen of the United States and a resident of Miami-Dade County, Florida. Plaintiff is Hispanic and female.

2. Defendant, AMERICAN ENGINEERING AND DEVELOPMENT CORPORATION ("AMERICAN ENGINEERING") is a Florida corporation.

3. Defendant is an "employer" as defined by Title VII of the Civil Rights Act of 1991.

JURISDICTION AND VENUE

4. This is an action arising under Title VII of the 1991 Civil Rights Act and under 42 U.S.C. §1981. The Court has jurisdiction pursuant to 28 U.S.C. 1331 and §1337 as this action arises under federal law.

5. Because AMERICAN ENGINEERING is headquartered and conducts business in the Southern of District of Florida, venue is proper in this district.

Page 1

## CONDITIONS PRECEDENT

6.  Plaintiff filed a formal charge of discrimination on August 3, 2021 and the received a Right to Sue on or about March 15, 2022.

## GENERAL ALLEGATIONS

12. Plaintiff was employed by Defendant for 21 years, the last 14 years serving as Parts Manager.

1.  AMERICAN ENGINEERING describes itself as follows;
    > For over thirty years, American Engineering & Development Corporation ("AEDC") has been South Florida's first choice when it comes to site development. Why do more General Contractors and Developers choose AEDC to construct their projects? The reason is clear - vertical integration and uncompromising performance. Virtually every component of your project will be planned, coordinated and constructed by a dedicated team of experienced professionals with one goal in mind, the successful and timely completion of your project.

14. Thus, AMERICAN ENGINEERING is a large enterprise with many employees and sophisticated management.

15. JIMENEZ was the only female and the only Hispanic to be a true manager. The human relations manager was female and Hispanic, but was a manager in title only as she was paid hourly and was required to punch in and punch out.

16. All the other managers and their superiors were white men.

17. According to the 2020 census, Miami-Dade County was 69% Hispanic.

18. On June 8, 2021, Plaintiff met with Tucker Glazer, the current CEO and son of the founder. Plaintiff has known Tucker Glazer since he was a child.

19. Plaintiff complained about race and gender discrimination to him. Specifically, she wanted to know why two white men were promoted and she had been in the same position for fourteen years without a promotion.

20. Plaintiff's complainants to Glazer were not her first inquiries into pay disparity and the glass ceiling.

21. As Parts Manager, in 2021, Plaintiff was receiving just $150.00 more per week than the previous Parts Manager, a white male, had been paid 14 years earlier. Previously, when she questioned this, she was told that her pay was at the top rate for a Parts Manager in the South Florida.

22. Glazer promised to look into her complaints.

23. Instead, eight days later, Plaintiff was terminated for allegedly being disrespectful to a subordinate who was stealing company time.

## COUNT I
## VIOLATION OF TITLE VII AND §1981 - RACE DISCRIMINATION

24. Plaintiff re-adopts and re-alleges ¶ 1 through 23 above as if fully set forth herein.

25. The Defendant violated TITLE VII and §1981 by failing to pay and promote her as white male managers were paid and promoted over the previous fourteen years.

26. As a direct, natural, foreseeable, and proximate result of the actions and inactions of Defendant, by and through the actions and inactions of its managerial personnel, Plaintiff has suffered injuries and losses including a violation of her statutory rights, pain and suffering and extreme emotional stress, and loss of ability to lead a normal life - all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff prays for the following relief:

   a. Entry of a judgment for economic, restitutionary, compensatory, and punitive damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation, and loss of capacity to enjoy life;

    b. Order the reinstatement of Plaintiff with full back pay and benefits or, in lieu of reinstatement, award front pay.

    c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and 42 USC §1988; and

    d. Any other equitable relief deemed appropriate by this Court.

## COUNT II
## VIOLATION OF TITLE VII - GENDER DISCRIMINATION

27. Plaintiff re-adopts and re-alleges ¶ 1 through 23 above as if fully set forth herein.

28. JIMENEZ was subjected to discrimination because of her gender as compared to her male colleagues, all of whom were paid more and provided promotional opportunities.

29. The Defendant ignored her complaints about gender pay disparity.

30. As a natural, foreseeable, and proximate result of the actions and inactions of Defendant, by and through the actions and inactions of its managerial personnel, Plaintiff has suffered injuries and losses including a violation of her statutory rights, pain and suffering and extreme emotional stress, and loss of ability to lead a normal life - all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff prays for the following relief:

    a. Entry of a judgment for economic, restitutionary, compensatory, and punitive damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation, and loss of capacity to enjoy life;

    b. Order the reinstatement of Plaintiff with full back pay and benefits or, in lieu of reinstatement, award front pay.

    c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and 42 USC §1988; and

    d. Any other equitable relief deemed appropriate by this Court.

## COUNT III
## RETALIATION

31. Plaintiff re-adopts and re-alleges ¶ 1 through 23 above as if fully set forth herein.

32. The Defendant retaliated against Plaintiff by terming her in close temporal proximity to her complaints to Tucker Glazer about the lack of promotion and promotional opportunities.

33. As a direct, natural, foreseeable, and proximate result of the retaliatory actions and inactions of Defendant, by and through the actions and inactions of its managerial personnel, Plaintiff has suffered injuries and losses including a violation of her statutory rights, pain and suffering and extreme emotional stress, and loss of ability to lead a normal life - all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff prays for the following relief:

a. Entry of a judgment for economic, restitutionary, compensatory, and punitive damages including, but not limited to, damages for emotional pain and suffering, anguish, injury of reputation, and loss of capacity to enjoy life;

b. Order the reinstatement of Plaintiff with full back pay and benefits or, in lieu of reinstatement, award front pay.

c. Award Plaintiff her costs in this action, including reasonable attorneys' fees and expert fees as provided by the Title VII and 42 USC §1988; and

d. Any other equitable relief deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar No.: 203920
ware@warecornell.com
**CORNELL & ASSOCIATES, P.A.**
*Counsel for Plaintiff*
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 618-1041
